LYONS, Justice
(concurring specially).
I concur in the main opinion, which refuses to recognize a claim of retaliatory discharge pursuant to § 25-5-11.1, Ala. Code 1975, under the circumstance here presented, when the former employee had not filed a claim for benefits under the Workers’ Compensation Act at the time she was discharged. Although the potential for injustice remains in the context where an employer fires an unconscious employee as the employee is being loaded into an ambulance, any expansion of the statutory remedy for a retaliatory discharge to meet circumstances where the employer knew or should have known of the likelihood of a claim is a matter for the legislature.
In addition to the above-described window of opportunity to be used by an employer to foreclose the statutory remedy, this Court’s recent decision in Blue Circle Cement Inc. v. Phillips, 989 So.2d 1025 (Ala.2007), opened a second window of opportunity in case the first window is missed. Under Blue Circle, an employee can be discharged after claiming benefits but before reaching maximum medical improvement, and the employer can defeat the subsequent retaliatory-discharge action by proof of the employee’s inability to work as the reason for discharge. As I stated in my dissent in Blue Circle, the defense of inability to perform as a basis for an employee’s discharge should not be available absent proof of the futility of further rehabilitation pursuant to benefits available to the employee under the Workers’ Compensation Act. I was in a small minority in Blue Circle-, the correction of this injustice, therefore, is also a matter for the legislature.